UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOSE OMAR ORTIZ RICO,     Case No. 2:19-cv-01211-MC

    Plaintiff,     ORDER

   v.

BRAD CAIN, Superintendent; GARTH GULICK, Medical Doctor; VICTOR ISHIDA, Physician Assistant; JUDY GILMORE, Assistant Superintendent,

    Defendants.

_____

MCSHANE, District Judge:

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed suit pursuant to 42 U.S.C. § 1983 and alleged deliberate indifference to his serious medical needs. Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Defendants' Motion is GRANTED in part.

## DISCUSSION

    In his Complaint, plaintiff alleges that Dr. Gulick and Physician Assistant (PA) Ishida provided inadequate medical care and exhibited deliberate indifference to his serious medical

1    - OPINION AND ORDER

needs during his incarceration at Snake River Correctional Institution (SRCI). *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (explaining that prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs). Plaintiff also names the superintendent and assistant superintendent of SRCI as defendants, based on their supervisory roles. Defendants move for judgment on the pleadings under Rule 12(c), arguing that plaintiff's allegations fail to establish a cognizable claim under the Eighth Amendment.

The Ninth Circuit has held that "Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and that 'the same standard of review' applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) (citation omitted). Under Rule 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To "survive a motion to dismiss," a complaint's "non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In pro se cases, the Court must construe the complaint liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Unless it is absolutely clear that no

amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Defendants first argue that plaintiff fails to allege facts plausibly suggesting that Supt. Cain or Asst. Supt. Gilmore violated his constitutional rights. Defendants are correct. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no factual allegations plausibly suggesting that Cain or Gilmore personally participated in his medical treatment and instead alleges only that they "supervise" Dr. Gulick and PA Ishida. Compl. 2-4. These allegations do not support § 1983 liability, and no amendment would cure this defect.

Defendants next argue that plaintiff's claims do not establish a violation of his Eighth Amendment rights as a matter of law.

Prison officials and physicians violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference to an inmate's serious medical needs may be manifested by denying, delaying, or interfering with medical treatment or by the manner in which prison officials and physicians provide medical care. *Gamble*, 429 U.S. at 104-05.

3   - OPINION AND ORDER

Defendants argue that plaintiff cannot state a viable claim against Dr. Gulick, because he essentially alleges that "Plaintiff brought a medical condition to Gulick, Gulick discussed the condition with Plaintiff, and provided guidance for Plaintiff to follow going forward." Defs.' Mot. at 6. Defendants further maintain that plaintiff alleges only PA Ishida's failure to refer him to a specialist, which does not support a claim for deliberate indifference. In construing plaintiff's claims, defendants rely on plaintiff's tort claim notice attached to his Complaint.

Granted, plaintiff's claims against Dr. Gulick and PA Ishida are not a model of clarity. Construed liberally, however, plaintiff's Complaint alleges that Dr. Gulick delayed necessary treatment for "hematospermia," and that PA Ishida neglected his condition and then prescribed medication and performed a procedure, without consulting a specialist, that caused "bleeding" and "damage" to his body. Compl. at 3-4. I find plaintiff's allegations sufficient in light of his pro se status, and I am not inclined to "narrow" plaintiff's Eighth Amendment claim to statements made in an uncounseled tort claim notice required for state law claims.

At most, plaintiff's Eighth Amendment claims could be further clarified through amendment. I decline to require an amended complaint at this stage of the proceedings.

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings (ECF No. 26) is GRANTED in part and DENIED in part. Plaintiff's claims against defendants Cain and Gilmore are DISMISSED. The motion is DENIED in all other respects.

IT IS SO ORDERED.

DATED this 22nd day of April, 2021.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

4   - OPINION AND ORDER